# EXHIBIT A

**JAVERBAUM WURGAFT HICKS KAHN WIKSTROM & SININS**
505 Morris Avenue
Springfield, NJ 07081
Attorney I.D. No. Eric G. Kahn (021031993)
Attorneys for Plaintiffs

| | |
|---|---|
| PLAINTIFFS<br><br>A.S., AN INFANT BY HER GUARDIANS AD LITEM, AMY SMITH AND MONICA SMITH<br><br>vs.<br><br>DEFENDANTS<br><br>QUATREL DI'VANTE MILLER, STATE OF NEW JERSEY, DIVISION OF CHILD PROTECTION AND PERMANENCY and STATE OF NEW JERSEY, DEPARTMENT OF CHILDREN AND FAMILIES | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: MORRIS COUNTY<br><br>Docket No.<br><br>**CIVIL ACTION**<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL<br>DESIGNATION OF TRIAL ATTORNEY<br>AND DEMAND FOR ANSWERS TO<br>INTERROGATORIES** |

Plaintiff A.S., an infant by her Guardians Ad Litems, Amy Smith and Monica Smith, residing in Chester, Morris County, and State of New Jersey by way of Complaint against the Defendants, says:

<u>FIRST COUNT</u>

1. At all times material to the within cause of action, Plaintiff, A.S. was an infant residing with her Guardians Ad Litem, Amy Smith and Monica Smith, in the Township of Chester, County of Morris and State of New Jersey.

2. On August 11, 2016, when Plaintiff A.S. was approximately 11 years old, Defendant, Quatrel Di'Vante Miller, was placed, as a foster child, in the home of the infant Plaintiff's Guardians Ad Litem.

3. Between August 11, 2016, and December 29, 2016, Defendant, Quatrel Di'Vante Miller, sexually abused, sexually assaulted, committed assault and battery, and otherwise engaged in non-consensual acts against

the person of Plaintiff A.S. in the home of Plaintiff's Guardians Ad Litem.

4. As a direct and proximate result of the assault, sexual assault, sexual abuse, and other malicious acts of Defendant Quatrel Di'Vante Miller, Plaintiff A.S. has suffered severe and permanent personal, emotional and psychological injuries, she has and will in the future incur healthcare expenses, she has and will in the future be impaired, she has and will in the future be unable to attend to her ordinary affairs, routine and activities of daily living, and she has otherwise been injured.

WHEREFORE, Plaintiff A.S., an infant by her Guardians Ad Litem, Amy Smith and Monica Smith, demand judgment against Defendant, Quatrel Di'Vante Miller, in the amount of her damages, in addition to punitive damages, interest and costs of suit.

## SECOND COUNT

1. Plaintiff A.S., an infant by her Guardians Ad Litem, Amy Smith and Monica Smith, repeats and realleges each and every allegation contained in the First Count of the Complaint with the same force and effect as if they were set forth at length.

2. Defendant, Quatrel Di'Vante Miller, intentionally and maliciously assaulted Plaintiff A.S. repeatedly and on various dates between August 11, 2016, and December 29, 2016.

3. As a direct and proximate result of the intentional assault or intentional sexual assault, as aforesaid, Plaintiff suffered the injuries hereinbefore described.

WHEREFORE, Plaintiff A.S., an infant by her Guardians Ad Litem, Amy Smith and Monica Smith, demand judgment against Defendant Quatrel Di'Vante Miller, in the amount of her damages, in addition to punitive damages, interest and costs of suit.

### THIRD COUNT

1. Plaintiff A.S., an infant by her Guardians Ad Litem, Amy Smith and Monica Smith, repeats and realleges each and every allegation contained in the First and Second Counts of the Complaint with the same force and effect as if they were set forth at length.

2. At all times material to the within cause of action, Defendants State of New Jersey, Division of Child Protection and Permanency, Division of Department of Children and Families (hereinafter the "State Defendant") were public entities and/or agencies established by the State of New Jersey to provide necessary services for individuals over which they had custody, care and supervision, including Defendant Quatrel Di'Vante Miller.

3. In the Spring of 2016, representatives of the State Defendants approached Plaintiff's Guardians ad Litem and requested that they accept placement in their home of the Defendant Quatrel Di'Vante Miller.

4. During the pre-placement meetings between Plaintiff's Guardians ad Litem and representatives of the State Defendants, representatives of the State Defendants assured Plaintiff's Guardians ad Litem that the placement of Defendant Quatrel Di'Vante Miller in the home of the Plaintiff's Guardians ad Litem would be an appropriate and safe placement.

5. On or about August 11, 2016, the State Defendants placed Defendant Quatrel Di'Vante Miller in the resource family home of Plaintiff's Guardians ad Litem.

6. On multiple occasions after the placement, Plaintiff's Guardians ad Litem contacted representatives of the State Defendants to express concerns about the behavior of the Defendant Quatrel Di'Vante Miller, especially his abnormal and uncooperative behavior outside the home, and to discuss his removal from the home of Plaintiff's Guardian ad Litem. The State Defendants indicated that any removal must be deferred until after Christmas 2016.

7. After the discovery of the sexual assaults by Defendant Quatrel Di'Vante Miller on Plaintiff, A.S., Plaintiff's Guardians ad Litem obtained information indicating that prior to his placement in their home, Defendant Quatrel Di'Vante Miller had engaged in prior sexual offenses and had a history of violent and sexualized behavior, especially against mentally and emotionally challenged children.

8. The information obtained by Plaintiff's Guardians ad Litem was known to the State Defendants and was withheld from Plaintiff's Guardians ad Litem prior to the placement of the Defendant Quatrel Di'Vante Miller in their home in August 2016.

9. Had Plaintiffs Guardians ad Litem been advised of the information undisclosed and secreted by the State Defendants prior to his placement in their home, they would not have accepted the placement of Defendant Quatrel Di'Vante Miller, and the sexual assault on Plaintiff would never have occurred.

10. As a direct and proximate result of the negligence, carelessness and/or improper conduct of the State Defendants, as aforedescribed, Plaintiff A.S. suffered the severe and permanent physical, emotional and psychological injures hereinbefore described, she suffered a loss of quality of life, she suffered permanent mental anguish and she suffered injuries of such a severe and egregious nature that they satisfy the threshold requirements of N.J.S.A. 59:9-2 of the New Jersey Tort Claims Act.

11. Plaintiff A.S., an infant by her Guardians ad Litem, Amy Smith and Monica Smith, provided notice of these claims against the State Defendants pursuant to the Notice provisions of Chapter 8 of the New Jersey Tort Claims Act on or about March 7, 2017, by Certified Mail, Return Receipt Requested. More than six (6) months has elapsed since the filing of said Notices of Claim, and no disposition of this matter has yet been made.

WHEREFORE, Plaintiff, A.S., an infant by her Guardians ad Litem, Amy Smith and Monica Smith, demand Judgment against Defendants, State of New Jersey, Division of Child Protection and Permanency, Department of Children and Families, jointly, severally or in the alternative, in the amount of her damages, together with interest and cost of suit.

### FOURTH COUNT

1. Plaintiff A.S., an infant by her Guardians Ad Litem, Amy Smith and Monica Smith, repeats and realleges each and every allegation contained in the First through Third Counts of the Complaint with the same force and effect as if they were set forth at length.

2. The actions of the State Defendants in intentionally or recklessly withholding material information regarding the history of violent and sexually deviant behavior from Plaintiff and her parents caused Plaintiff and her parents to permit his placement as a foster chid in their home, to continue his presence there, and to provide him with an opportunity to sexually abuse and assault Plaintiff.

3. As a direct and proximate result of the fraudulent actions or fraudulent concealment of the State Defendants, as aforesaid, Plaintiff suffered the sexual abuse and assault and attendant injuries as hereinbefore alleged.

WHEREFORE, Plaintiff, A.S., an infant by her Guardians ad Litem, Amy Smith and Monica Smith, demand Judgment against Defendants, State of New Jersey Division of Child Protection and Permanency, Department of Children and Families, jointly, severally or in the alternative, in the amount of her damages, together with interest and cost of suit.

## FIFTH COUNT

1. Plaintiff A.S., an infant by her Guardians Ad Litem, Amy Smith and Monica Smith, repeats and realleges each and every allegation contained in the First through Fourth Counts of the Complaint with the same force and effect as if they were set forth at length.

2. At all times material to the within cause of action, the State Defendants were responsible for and/or approved the placement of Defendant Quatrel Di'Vante Miller in the home of Plaintiff's Guardians ad Litem, they were responsible for the control and behavior of Defendant Quatrel Di'Vante Miller during said placement, and were responsible for the care,

safety and well being of all persons in the home where said Defendant was placed, and to which he was exposed, including Plaintiff A.S.

3. The State Defendants, through their agents, representatives or employees, engaged in the following actions or inactions:

- They failed to advise Plaintiffs Guardians ad Litem of the history of behavior problems by Defendant Quatrel Di'Vante Miller prior to the placement including, but not limited to, his history of sexual assault, sexual abuse or sexual relations with other children.

- They failed to advise the Plaintiff's Guardians ad Litem, prior to the placement, of Defendant Quatrel Di'Vante Miller's history of physical violence toward other children.

- They misrepresented to Plaintiff's Guardians ad Litem that placement of Defendant Quatrel Di'Vante Miller in their home would not result in any threat to the welfare, safety and protection of other residents in the home and that the placement was otherwise reasonable, safe and appropriate.

- They failed to discharge their duties and responsibilities to provide proper placement, custody, and control of Defendant Quatrel Di'Vante Miller.

- They otherwise failed to discharge their duties and responsibilities to provide for the safety, protection and well being of residents in the home where said Defendant was placed, including, Plaintiff A.S.

4. As a direct and proximate result of the actions or inactions of the State Defendants, as aforesaid, Plaintiff A.S. suffered the incident and attendant injuries hereinbefore described.

WHEREFORE, Plaintiff, A.S., an infant by her Guardians ad Litem, Amy Smith and Monica Smith, demand Judgment against Defendants, State of New Jersey Division of Child Protection and Permanency, Department of Children

and Families, jointly, severally or in the alternative, in the amount of her damages, together with interest and cost of suit.

### SIXTH COUNT

1. Plaintiff A.S., an infant by her Guardians Ad Litem, Amy Smith and Monica Smith, repeats and realleges each and every allegation contained in the First through Fifth Counts of the Complaint with the same force and effect as if they were set forth at length.

2. Despite having actual and/or constructive notice of the risk, dangers and threats to Plaintiff, A.S., by the placement of Defendant Quatrel Di'Vante Miller in the home of Plaintiff's Guardians ad Litem, and despite their affirmative duty to protect her from said Defendant, the State Defendants engaged in the following negligent, careless and/or wanton and wilful acts of misconduct:

- They failed to warn Plaintiff's Guardians ad Litem of the threats and risk of harm to Plaintiff A.S. from the placement of Defendant Quatrel Di'Vante Miller in their home.

- They failed to disclose pertinent information related to the safe placement of Defendant Quatrel Di'Vante Miller in their home, together with the threats and risks of harm to A.S. from said placement.

- They purposely and willfully withheld information known to the State Defendants about the prior behavioral history of Defendant Quatrel Di'Vante Miller, including his history of sexual abuse, sexual assault and sexual relations with other children prior to his placement in the home of Plaintiff's Guardians ad Litem.

- They recommended and pressured Plaintiff's Guardians ad Litem to accept the placement of Defendant Quatrel Di'Vante Miller in their home.

- They failed to take steps to prevent the sexual abuse, sexual assault and sexual exploitation of Plaintiff A.S.

- They otherwise failed to exercise due care and/or engaged in misconduct under the circumstances of the placement.

3. As a direct and proximate result of actions or inactions of the State Defendants as aforesaid, Plaintiff A.S. suffered the sexual abuse, sexual contact or sexual exploitation and attendant injuries as hereinbefore described.

WHEREFORE, Plaintiff, A.S., an infant by her Guardians ad Litem, Amy Smith and Monica Smith, demand Judgment against Defendants, State of New Jersey Division of Child Protection and Permanency Department of Children and Families, jointly, severally or in the alternative, in the amount of her damages, together with interest and cost of suit.

### SEVENTH COUNT

1. Plaintiff A.S., an infant by her Guardians Ad Litem, Amy Smith and Monica Smith, repeats and realleges each and every allegation contained in the First through Sixth Counts of the Complaint with the same force and effect as if they were set forth at length.

2. The acts and/or admissions of the State Defendants in failing to protect Plaintiff A.S. from the reasonably foreseeable harm arising out of the placement of Defendant Quatrel Di'Vante Miller in the home of the Plaintiff's Guardian ad Litem, in failing to discharge their non-deligable duties and obligations to protect persons from the actions of persons in their care, custody and control, including Defendant Quatrel Di'Vante Miller, in creating or aggravating a dangerous situation, and/or acting a deliberate indifference to the safety and well being of Plaintiff A.S.,

violated the New Jersey State Constitution, the New Jersey Civil Rights Act and the New Jersey Law Against Discrimination.

3. As a direct and proximate result of the actions or inactions of the State Defendants as aforesaid, Plaintiff A.S. suffered the sexual abuse, sexual contact or sexual exploitation and attendant injuries hereinbefore described.

WHEREFORE, Plaintiff, A.S., an infant by her Guardians ad Litem, Amy Smith and Monica Smith, demand Judgment against Defendants, State of New Jersey Division of Child Protection and Permanency, Department of Children and Families, jointly, severally or in the alternative, in the amount of her damages, together with interest and cost of suit.

## EIGHTH COUNT

1. Plaintiff A.S., an infant by her Guardians Ad Litem, Amy Smith and Monica Smith, repeats and realleges each and every allegation contained in the First through Sixth Counts of the Complaint with the same force and effect as if they were set forth at length.

2. At all times material to the within cause of action, Defendant Quatrel Di'Vante Miller was under the custody and control of the State Defendants and, as a result of the placement of said Defendant in the home of Plaintiff's Guardians ad Litem, the State Defendants entered into a "special relationship" with Plaintiff A.S. which imposed upon them an affirmative duty to care and protect A.S. pursuant to the New Jersey Constitution, the New Jersey Civil Rights Act and/or the New Jersey Law Against Discrimination.

3. As a result of the actions or inactions of the State Defendants as aforesaid, they deprived infant Plaintiff A.S. of various rights

protected under the New Jersey State Constitution, the New Jersey Civil Rights Act and/or the New Jersey Law against Discrimination including, but not limited to:

- The right to personal security and reasonably safe living conditions.

- The right to protection from harm.

- The right not be harmed physically, emotionally or otherwise.

- The right to be free from State-created dangers.

4. As a direct and proximate result of the actions or inactions of the State Defendants as aforesaid, infant Plaintiff A.S. suffered the sexual contacts, sexual abuse or sexual exploitation and attendant injuries as hereinbefore described.

WHEREFORE, Plaintiff, A.S., an infant by her Guardians ad Litem, Amy Smith and Monica Smith, demand Judgment against Defendants, State of New Jersey Division of Child Protection and Permanency, Department of Children and Families, jointly, severally or in the alternative, in the amount of her damages, together with interest and cost of suit.

### NINTH COUNT

1. Plaintiff A.S., an infant by her Guardians Ad Litem, Amy Smith and Monica Smith, repeats and realleges each and every allegation contained in the First through Eighth Counts of the Complaint with the same force and effect as if they were set forth at length.

2. At all times material to the within cause of action the harm caused to Plaintiff, A.S., was foreseeable and was fairly and directly caused by the actions of the State Defendants as follows:

- In failing to warn Plaintiff's Guardians ad Litem of the known threats and risk of harm to Plaintiff A.S. from the placement of Defendant Quatrel Di-Vante Miller in their home

- In failing to disclose pertinent information related to the safe placement of Defendant Quatrel Di'Vante Miller in their home, together with the threats and risks of harm to Plaintiff A.S. from said placement

- In purposely and willfully withholding information known to the State Defendants about the prior behavioral history of Defendant Quatrel Di'Vante Miller, including his history of sexual abuse, sexual assault and sexual relations with other children prior to his placement in the home of Plaintiff's Guardians ad Litem

- In recommending and pressuring Plaintiff's Guardian ad Litem to accept the placement of Defendant Quatrel Di'Vante Miller in their home

- In misrepresenting that the placement of Defendant Quatrel DiVante Miller was a "safe" placement in the home of Plaintiff, A.S., notwithstanding their knowledge and information to the contrary; and

- in failing to remove Defendant Quatrel Di Vante Miller from Plaintiff's home despite the requests of Plaintiff's Guardians ad Litem for his removal.

3. The actions and/or inactions of the State Defendants, as aforesaid, were in willful disregard of the safety of the Plaintiff, A.S., stemmed from a deliberate indifference to the safety of the Plaintiff, knowingly ignored Plaintiff's safety and represented official sexual misconduct so egregious that it shocks the conscience.

4. The actions and/or inaction of the State Defendants, as aforesaid, took place when there existed a legally protected relationship

between Plaintiff, A.S., and the State Defendants and while Plaintiff was a specifically foreseeable victim or part of a discrete class of foreseeable victims.

5. The actions of the State Defendants, as aforesaid, constituted an exercise of their official capacity or authority so as to create the opportunity that otherwise would not have existed for Defendant Quatrel Di'Vante Miller to commit the sexual assault and battery and sexual abuse of Plaintiff, A.S., and the State Defendants created the danger that rendered Plaintiff substantially more vulnerable to injury by Defendant Quatrel Di'Vante Miller.

6. All of the aforesaid actions or inactions of the State Defendants constituted a violation of Plaintiff's Federal Civil Rights under 42 U.S.C.A. §1983, a violation of her New Jersey Civil Rights under N.J.S.A. 10:6-2(c) and a violation of Plaintiff's due process rights under the New Jersey and Federal Constitutions to be free from State created dangers.

7. All of the aforesaid actions of the State Defedants established liability on the part of the State Defendants under 42 U.S.C. §1983 and the laws identified above for their violation of Plaintiff A.S.'s Fourteenth Amendment right to be free from State created dangers. As a direct and proximate result of the actions of the State Defendants, as aforesaid, Plaintiff, A.S., suffered the sexual contact, abuse and exploitation, together with their attendant injuries as hereinbefore described.

WHEREFORE, Plaintiff, A.S., an infant by her Guardians ad Litem, Amy Smith and Monical Smith, demand judgment against Defendants, State of New

Jersey Division of Child Protection and Permanency and Department of Children and families jointly, severally or in the alternative, in the amount of her damages together with interests and costs of suit.

## DEMAND FOR TRIAL BY JURY

Plaintiffs hereby demands a Trial by jury as to all issues.

## NOTICE OF TRIAL COUNSEL

Please take notice that Eric G. Kahn, Esq. is hereby designated as Trial Counsel in the above-captioned matter for the firm of Javerbaum Wurgaft Hicks Kahn Wikstrom & Sinins, pursuant to Rule 4:25 et. seq.

## CERTIFICATION AS TO REDACTION OF REQUIRED PERSONAL IDENTIFIERS

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with Rule 1:38-7(b).

JAVERBAUM WURGAFT HICKS
KAHN WIKSTROM & SININS
Attorneys for Plaintiffs

by: _____
Eric G. Kahn

## CERTIFICATION

Pursuant to the requirements of Rule 4:5-1 (NOTICE OF OTHER ACTIONS), I, the undersigned, do hereby certify to the best of my knowledge, information and belief, that except as hereinafter indicated, the subject matter of the controversy referred to in the within pleading is not the subject of any other Cause of Action, pending in any other Court, or of a pending Arbitration Proceeding, nor is any other Cause of Action or Arbitration Proceeding contemplated;

1. OTHER ACTIONS PENDING..........................................YES_x_ NO____

   **Upon information and belief, there are ongoing criminal actions against Defendant Quatrel Di'Vante Miller, as a juvenile, in the Superior Court of New Jersey, Chancery Division, Family Part, County of Passaic, Docket No. FC-16-000105-08-C.**

2. OTHER ACTIONS CONTEMPLATED?.......................YES____ NO_X_

   A. If YES - Parties contemplated to be joined, in other Causes of Action.

3. ARBITRATION PROCEEDINGS PENDING?...................YES____ NO_X_
   A. If YES - Parties to Arbitration Proceedings.

   B. In my opinion, the following parties should be joined in the pending Arbitration Proceedings.

4. OTHER ARBITRATION PROCEEDINGS CONTEMPLATED?........YES____ NO_X_
   A. If YES - Parties contemplated to be joined to Arbitration Proceedings.

In the event that during the pendency of the within Cause of Action, I shall become aware of any change as to any facts stated herein, I shall file an amended certification and serve a copy thereof on all other parties (or their attorneys) who have appeared in said Cause of Action.

                                    JAVERBAUM WURGAFT HICKS KAHN
                                    WIKSTROM & SININS
                                    Attorneys for Plaintiffs

                       by: _____
                                    Eric G. Kahn

DATED: March 26, 2019

# Civil Case Information Statement

**Case Details: MORRIS | Civil Part Docket# L-000665-19**

**Case Caption:** S. A.  VS DI'VANTE MILLER QUATREL
**Case Initiation Date:** 03/27/2019
**Attorney Name:** ERIC G KAHN
**Firm Name:** JAVERBAUM WURGAFT HICKS KAHN ET AL
**Address:** 505 MORRIS AVE
SPRINGFIELD NJ 07081
**Phone:**
**Name of Party:** PLAINTIFF : S., A.
**Name of Defendant's Primary Insurance Company
(if known):** Unknown

**Case Type:** PERSONAL INJURY
**Document Type:** Complaint with Jury Demand
**Jury Demand:** YES - 6 JURORS
**Hurricane Sandy related?** NO
**Is this a professional malpractice case?** NO
**Related cases pending:** NO
**If yes, list docket numbers:**
**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE**
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**


**Do you or your client need any disability accommodations?** NO
   **If yes, please identify the requested accommodation:**


**Will an interpreter be needed?** NO
   **If yes, for what language:**


I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

03/27/2019                                                                                       /s/ ERIC G KAHN
Dated                                                                                                   Signed

# EXHIBIT B

```
A.S., AN INFANT BY HER GUARDIANS AD LITEM, AMY SMITH, ET AL
                                                  Plaintiff
                        vs
QUATREL DI'VANTE MILLER, ET AL
                                                  Defendant
```

20190806164401

Superior Court Of New Jersey

MORRIS Venue

Docket Number: MRS L 665 19

**Person to be served** (Name and Address):
STATE OF NEW JERSEY
DEPARTMENT OF CHILDREN AND FAMILIES C/O ATTORNEY GENERAL'S
OFFICE  25 WEST MARKET STREET
TRENTON  NJ  08608
**By serving:** STATE OF NEW JERSEY

**Attorney:** ERIC G. KAHN, ESQ.

**Papers Served:** SUMMONS AND COMPLAINT, CIS, TRACK ASSIGNMENT NOTICE, CERTIFICATIONS

# AFFIDAVIT OF SERVICE
(For Use by Private Service)

Cost of Service pursuant to R. 4:4-3(c)

$ _____.____

**Service Data:**  [X] Served Successfully    [ ] Not Served

Date/Time:  8/7/2019 2:46 PM

Name of Person Served and relationship/title:

ELLEN SEITZ

PERSON AUTHORIZED TO ACCEPT SERVICE

[ ] Delivered a copy to him/her personally

[ ] Left a copy with a competent household member over 14 years of age residing therein (indicate name & relationship at right)

[X] Left a copy with a person authorized to accept service, e.g. managing agent, registered agent, etc. (indicate name & official title at right)

**Description of Person Accepting Service:**

SEX: F   AGE: 51-65   HEIGHT: 5'4"-5'8"   WEIGHT: 161-200 LBS.   SKIN: WHITE   HAIR: BROWN   OTHER: _____

**Unserved:**
[ ] Defendant is unknown at the address furnished by the attorney
[ ] All reasonable inquiries suggest defendant moved to an undetermined address
[ ] No such street in municipality
[ ] Defendant is evading service
[ ] Appears vacant
[ ] No response on:    Date/Time: _____
                       Date/Time: _____
                       Date/Time: _____

Other:

**Served Data:**
Subscribed and Sworn to me this
____8____ day of ___Aug___, 20_19_
Notary Signature: _____
KIMBERLY GROTE
Name of Notary PUBLIC OF NEW JERSEY
My Commission Expires Dec. 18, 2023

Name of Private Server: JANE NUNN  Address: 2009 Morris Avenue UNION, NJ 07083  Phone: (800) 672-1952

I, JANE NUNN,
was at the time of service a competent adult, over the age of 18 and not having direct interest in the litigation. I declare under penalty of perjury that the foregoing is true and correct.

M. Jane Nunn         8/8/2019
Signature of Process Server      Date

A.S., AN INFANT BY HER GUARDIANS AD LITEM, AMY SMITH, ET AL

Plaintiff

vs

QUATREL DI'VANTE MILLER, ET AL

Defendant

20190806164752

Superior Court Of New Jersey

MORRIS Venue

Docket Number: MRS L 665 19

**Person to be served** (Name and Address):
STATE OF NEW JERSEY DIVISION OF CHILD PROTECTION AND PERMANENCY
ATTORNEY GENERAL'S OFFICE  25 WEST MARKET STREET
TRENTON  NJ  08611
**By serving:** STATE OF NEW JERSEY DIVISION OF CHILD PROTECTION AND PERMANENCY

**Attorney:** ERIC G. KAHN, ESQ.

**Papers Served:** SUMMONS AND COMPLAINT, CIS, TRACK ASSIGNMENT NOTICE, CERTIFICATIONS

**Service Data:**     [X] Served Successfully          [ ] Not Served

Date/Time:     8/7/2019 2:45 PM

[ ] Delivered a copy to him/her personally

[ ] Left a copy with a competent household member over 14 years of age residing therein (indicate name & relationship at right)

[X] Left a copy with a person authorized to accept service, e.g. managing agent, registered agent, etc. (indicate name & official title at right)

## AFFIDAVIT OF SERVICE
(For Use by Private Service)

Cost of Service pursuant to R. 4:4-3(c)

$ _____.____

Name of Person Served and relationship/title:

ELLEN SEITZ

PERSON AUTHORIZED TO ACCEPT SERVICE

**Description of Person Accepting Service:**

SEX: F    AGE: 51-65    HEIGHT: 5'4"-5'8"    WEIGHT: 161-200 LBS.    SKIN: WHITE    HAIR: BROWN    OTHER: _____

**Unserved:**
[ ] Defendant is unknown at the address furnished by the attorney
[ ] All reasonable inquiries suggest defendant moved to an undetermined address
[ ] No such street in municipality
[ ] Defendant is evading service
[ ] Appears vacant
[ ] No response on:    Date/Time: _____
                      Date/Time: _____
                      Date/Time: _____

Other:

**Served Data:**
Subscribed and Sworn to me this
____8____ day of ___Aug___, 20__19__
Notary Signature: _____
KIMBERLY GROTE
Name of Notary: NOTARY PUBLIC OF NEW JERSEY   Commission Expiration
My Commission Expires Dec. 18, 2023

I, JANE NUNN,
was at the time of service a competent adult, over the age of 18 and not having direct interest in the litigation. I declare under penalty of perjury that the foregoing is true and correct.

_Jane Nunn_    8/8/2019
Signature of Process Server    Date

Name of Private Server: JANE NUNN  Address: 2009 Morris Avenue, UNION, NJ 07083  Phone: (800) 672-1952

